IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

RAINBOW TROUT FARMS, INC.,
THEODORE "TED" MILLIGAN,
K.C. "BUCK" ALLEY,

          Plaintiffs,

     vs.                    **Case No. 11-1290-RDR**

SAM BROWNBACK, in his official
capacity as Governor of the
State of Kansas,

          Defendant.

---

**MEMORANDUM AND ORDER**

Plaintiffs ask this court for declaratory and injunctive relief against the operation of a filing fee schedule for the Kansas Court of Tax Appeals which allegedly operates to the disadvantage of commercial property owners.  In this order, the court grants defendant's motion to dismiss on the grounds that this court is barred by the principles of ripeness and comity from deciding plaintiffs' claims.

I.  Plaintiffs' claims

This is an action under 42 U.S.C. § 1983 seeking declaratory and injunctive relief "prohibiting the treatment of commercial real property taxpayers in the State of Kansas differently than residential real property taxpayers, and requiring that the majority of the funding of [the Court of Tax Appeals for the State of Kansas] be from general revenues and not from filing fees."

Doc. No. 1, ¶ 2. Plaintiffs are Rainbow Trout Farms, Inc., Theodore "Ted" Milligan, and K.C. "Buck" Alley. They are owners of commercial real property in Sedgwick County, Kansas who have petitioned the Court of Tax Appeals ("COTA") "in the past for adjustments in the valuation of their commercial property subject to taxation, and who either have or anticipate that they will need in the future to petition COTA for relief." Doc. No. 1, ¶ 3.

Plaintiffs allege that in response to budgetary pressures, the State of Kansas has changed the funding scheme for COTA so that 58% of its operating budget derives from filing fees instead of state general revenues, and a disproportionate and unfair percentage of these filing fees are assessed to filers of cases involving commercial property. Plaintiffs claim that this violates the First Amendment by imposing unreasonable restrictions upon a person's right to petition government for redress. Plaintiffs also allege that the funding scheme violates the Fourteenth Amendment by placing too great a burden on COTA litigants attempting to exercise their rights and by making a distinction between residential and commercial taxpayers which has no rational basis.[1]  Finally,

---

[1] The complaint states in part:
Commercial taxpayers who constitute a minority of the tax base in both value and absolute numbers are paying for all appeals by residential taxpayers to the lower levels of COTA, small claims, who then pay an absurdly low $35 fee for an appeal to regular COTA, without regard to value. The owner of a $2,000,000 house, equivalent in fair market value to the entire Market Centre building pays only $35, for one tax appeal, whereas the Market

plaintiffs assert that the funding scheme violates the Kansas Constitution by placing a burden on commercial taxpayers disproportionate to their share of the total tax base and disproportionate to their respective classifications in the Kansas Constitution.  Doc. No. 1, ¶¶ 22-25.

Plaintiffs ask that the court issue a declaratory judgment holding that the distinction between residential and commercial taxpayers in K.S.A. 74-2438a is unconstitutional and that the level of reliance upon filing fees as a funding source is unconstitutional.  Plaintiffs further ask that the court issue an injunction requiring residential and commercial taxpayers to pay the same filing fees and requiring additional monies from state general revenues be allocated to COTA to reduce the reliance upon filing fees as a funding source.

The original complaint lists Kansas Governor Brownback as the defendant.  Plaintiffs have filed a motion to amend the complaint to substitute the members of COTA as the defendants instead of Governor Brownback.  Doc. No. 18.

II.  <u>Defendant's motion to dismiss</u>

This case is before the court upon defendant's motion to dismiss brought pursuant to FED.R.CIV.P. 12(b)(1) and 12(b)(6).  Doc. No. 5.  Defendant's memorandum in support of the motion

---

Centre for same appeal must pay $1,750. Doc. No. 1, pp. 12-13.

contains a statement of facts which alleges that "[u]pon the recommendation of the Governor, the Legislature adopted a statute directing that [COTA] offset a $650,000 reduction in its budget from State General Fund monies by increasing the fees it imposes for applications and appeals." Doc. No. 6, p. 2 (citing plaintiffs' Complaint at ¶ 8). The following features of COTA are taken from the statement of facts. COTA was created in 2008 "as an 'independent agency and administrative law court within the executive branch of state government.'" Doc. No. 6, p. 4 (quoting K.S.A. 74-2433a). COTA has "jurisdiction over all tax matters in the state including but not limited to property tax valuations . . . tax exemptions, tax grievances, [and] appeals from decisions of the Director of Taxation and the Department of Revenue." Id. COTA hears appeals involving county valuation determinations. K.S.A. 79-1609. It rules on tax exemption applications. K.S.A. 79-213(f). And it functions as a state board of equalization. K.S.A. 79-1409. "Its decisions on one taxpayer's appeal may affect assessments for the remaining taxpayers as the county or other local governing unit must come up with the total sum necessary to meet its budget." Doc. No. 6, p. 5. Decisions of the COTA may be appealed to the Kansas Court of Appeals and the Kansas Supreme Court. Id.

According to the statement of facts, none of the plaintiffs in this case has filed a tax appeal with COTA under the new fee

4

requirements.  Id., p. 6.  Plaintiffs did not dispute this
allegation when they filed their response to the motion to dismiss
in April, nor have plaintiffs sought to supplement their response
since that time to indicate that an appeal has been filed or is
imminent.  While the complaint and the proposed amended complaint
assert that plaintiffs are commercial property owners and that
"each [plaintiff] has appealed the valuation of their property to
COTA" (Doc. No. 1, ¶ 19), this appears to refer to appeals made
prior to the change to the filing fee provisions rather than
appeals under the new system for filing fees.

Defendant argues that this case should be dismissed for
several reasons.  Defendant asserts:  Eleventh Amendment immunity;
a bar under the Tax Injunction Act, 28 U.S.C. § 1341; that
plaintiffs lack standing or the issues they raise are not ripe for
decision; that reasons of comity and federalism require dismissal;
that the court should abstain; and that the complaint fails to
state a claim.

III.  Standards for a Rule 12(b)(1) motion

The court shall focus upon Rule 12(b)(1) which provides for a
motion to dismiss for lack of subject matter jurisdiction.
Plaintiff has the burden of establishing this court's jurisdiction
by a preponderance of the evidence.  U.S. ex rel. Hafter v.
Spectrum Emergency Care, Inc., 190 F.3d 1156, 1160 n.5 (10th Cir.
1999).  A Rule 12(b)(1) motion may challenge either the sufficiency

5

of the pleadings to establish jurisdiction or the substance of the jurisdictional allegations in spite of the sufficiency of the pleadings.  Stuart v. Colorado Interstate Gas Co., 271 F.3d 1221, 1225 (10th Cir. 2001).  The court has wide discretion to consider affidavits and other documents to resolve disputed jurisdictional facts without converting a Rule 12(b)(1) motion into a motion for summary judgment when the jurisdictional issue is not intertwined with the merits of the case.  Id.; Pringle v. United States, 208 F.3d 1220, 1222 (10th Cir. 2000); Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995).

IV.  Plaintiffs' claims are not ripe

Without discussing the Eleventh Amendment question or some of the other issues raised by defendant, the court shall grant defendant's motion to dismiss, first, because plaintiffs' claims are not ripe for decision.  A claim must be ripe for adjudication by a federal court under the case-or-controversy requirement of subject matter jurisdiction.  See Wisconsin Central, Ltd. v. Shannon, 539 F.3d 751, 759 (7th Cir. 2008).  Ripeness "'is a justiciability doctrine designed to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements.'"  Morgan v. McCotter, 365 F.3d 882, 890 (10th Cir. 2004) (quoting National Park Hospitality Ass'n v. Dept. of Interior, 538 U.S. 803, 807 (2003)).  "Ripeness is predicated on the 'central perception . . . that courts should not render

decisions absent a genuine need to resolve a real dispute . . .
[c]ases are unripe when the parties only point to hypothetical,
speculative, or illusory disputes as opposed to actual, concrete
conflicts.'" Shannon, 539 F.3d at 759 (citing Lehn v. Holmes, 364
F.3d 862, 867 (7th Cir. 2004) (interior quotations omitted)).   A
court will not address arguments grounded on contingent future
events that may not occur, or may not occur as anticipated. Corey
H. v. Board of Education, 534 F.3d 683, 689 (7th Cir. 2008) (citing
Texas v. United States, 523 U.S. 296, 300 (1998)).  "In short, the
doctrine of ripeness is intended to forestall judicial
determinations of disputes until the controversy is presented in
clean-cut and concrete form." New Mexicans for Bill Richardson v.
Gonzales, 64 F.3d 1495, 1499 (10th Cir. 1995) (interior quotations
omitted).  "Determining whether the issues presented . . . are ripe
for review 'requir[es][a court] to evaluate both the fitness of the
issues for judicial decision and the hardship to the parties of
withholding court consideration.'"   Morgan, 365 F.3d at 890
(quoting Abbott Labs. v. Gardner, 387 U.S. 136, 149 (1967)).
Plaintiff has the burden of showing ripeness.  Los Alamos Study
Group v. U.S. Dept. Of Energy, 2012 WL 3642425 *6 (10th Cir.
8/27/2012).

        In this case, defendant has asserted with support from an
affidavit that plaintiffs have not appealed to COTA under the new
filing fee system.  Plaintiffs have not disputed this point.  Nor

have plaintiffs alleged that such an appeal is certainly impending.
It appears unclear to the court what the filing fee will be if one
or more of the plaintiffs files an appeal.   And the harm to
plaintiffs from delaying a challenge to the fee schedule is
illusory at this point.   Under these circumstances, the court
believes plaintiffs cannot demonstrate that a challenge to the fee
schedule as applied to them is ripe because the schedule has not
been applied to them.   Nor do plaintiffs have standing to make a
facial challenge because they have not alleged an injury in fact.
See Phelps v. Hamilton, 122 F.3d 1309, 1326 (10th Cir. 1997)
(requiring injury in fact to establish standing to bring a First
Amendment challenge on facial grounds).   "Injury in fact" means "an
invasion of a legally protected interest which is (a) concrete and
particularized, and (b) actual or imminent, not conjectural or
hypothetical."   Luhan v. Defenders of Wildlife, 504 U.S. 555, 560
(1992) (quotations and citations omitted).   "Imminence" requires
that the alleged injury is "certainly impending."   Id. at 564 n.2.
There is no evidence upon which the court can conclude that an
injury to plaintiffs is certainly impending.

     For the above-stated reasons, the court concludes that it
lacks jurisdiction in this matter.   We note that other courts have
dismissed claims as unripe in somewhat similar situations.   See
Alto Eldorado Partnership v. County of Santa Fe, 634 F.3d 1170,
1177 (10th Cir. 2011) (plaintiff required to allege it brought an

inverse condemnation action prior to asserting Fifth Amendment takings claim in federal court); Dealer Computer Services, Inc. v. Dub Herring Ford, 547 F.3d 558, 561-62 (6th Cir. 2008) (action to review finding that arbitration clauses in various contracts did not preclude class arbitration was not ripe for judicial review because there was no finding that class arbitration could actually proceed); Lucien v. Jockisch, 133 F.3d 464, 469 (7th Cir. 1998) (court declines to decide merits of constitutional challenge to Prison Litigation Reform Act when it had not been applied to defendant); Rye Psychiatric Hosp. Center, Inc. v. Shalala, 52 F.3d 1163, 1172-3 (2d Cir.) cert. denied, 516 U.S. 913 (1995) (constitutional challenge to Medicare statute or regulations for reimbursement of costs associated with the treatment of low-income patients was not ripe where hospital had not sought such an adjustment in reimbursement or received a final decision); Lincoln House, Inc. v. Dupre, 903 F.2d 845, 847-48 (1st Cir. 1990) (RICO claim dismissed as unripe when it was contingent upon obtaining a future judgment in a state action); Southland Royalty Co. v. Navajo Tribe, 715 F.2d 486 (10th Cir. 1983) (premature to consider equal protection and due process issues raised in challenge to tribal tax on oil and gas leases, where no tax had yet been collected); Himes v. Johnson, 772 F.Supp. 678, 679-80 (D.Me. 1991) (owner of massage parlor cannot challenge constitutionality of licensing ordinance if he has not applied for a license under the ordinance).

9

V.  <u>Comity concerns also require dismissal</u>

Defendant argues that, as in <u>Levin v. Commerce Energy, Inc.</u>, 130 S.Ct. 2323 (2010), the comity doctrine precludes the exercise of federal court authority when state courts are available to hear and decide plaintiffs' claims.  We agree.

The comity doctrine is most often applied when claims are filed in federal court asserting that state taxation of commercial activity is unconstitutional.  <u>Id</u>. at 2330.  Language from various Supreme Court cases caution against federal court interference with state tax administration:

> "[I]t is of the utmost importance . . . that the modes adopted to enforce [state] taxes levied should be interfered with as little as possible. . . . No court of equity will, therefore, allow its injunction to issue to restrain their action, except where it may be necessary to protect the rights of the citizen whose property is taxed, and he has no adequate remedy by the ordinary processes of the law."  <u>Dows v. Chicago</u>, 78 U.S. 108, 110, 20 L.Ed. 65 (1870).

> "An examination of [our] decisions shows that a proper reluctance to interfere by prevention with the fiscal operations of the state governments has caused [us] to refrain from so doing in all cases where the Federal rights of the persons could otherwise be preserved unimpaired."  <u>Boise Artesian Hot & Cold Water Co. v. Boise City</u>, 213 U.S. 276, 282 (1909).

> "The scrupulous regard for the rightful independence of state governments which should at all times actuate the federal courts, and a proper reluctance to interfere by injunction with their fiscal operations, require that such relief should be denied in every case where the asserted federal rights may be preserved without it."  <u>Matthews v. Rodgers</u>, 284 U.S. 521, 525 (1932).

Although these cases are quite old, they have been cited

approvingly in <u>Levin</u> and <u>Fair Assessment in Real Estate v. McNary</u>, 454 U.S. 100 (1981) where it was claimed that taxes were assessed unevenly in violation of the Equal Protection Clause and the Court held that comity considerations warranted dismissal. 130 S.Ct. at 2334-35; 454 U.S. at 115-16. In <u>Levin</u>, the Court noted that if the tax system was unconstitutional, state courts were better positioned to determine how to remedy the situation. <u>Id</u>. at 2335. Since federal courts cannot remand cases to state court when they are filed originally in federal court, comity considerations counseled dismissal in deference to the state court process.

Here, many factors support the dismissal of this action for reasons of comity. Plaintiffs are asking this court to review a matter over which the State of Kansas has wide regulatory authority. There is no claimed constitutional violation which would invoke heightened judicial scrutiny. The state courts are open to hear plaintiffs' claims (including their claim under the Kansas Constitution) and should be more familiar with the processes involved and remedies available. Finally, plaintiffs are seeking a remedy which would limit the amount of monies collected from case filers for the operation of a state administrative agency and would direct that the money be replaced from the state general fund. For these reasons, the court believes that deciding this case would unduly encroach upon the interests of the State of Kansas.

VI.  <u>Conclusion</u>

11

In conclusion, the court shall grant defendant's motion to dismiss and dismiss plaintiffs' claims without prejudice. Plaintiffs' motion to file an amended complaint shall be denied because the proposed amended complaint does not address the grounds for dismissal set forth in this order.   See <u>Frank v. U.S. West, Inc.</u>, 3 F.3d 1357, 1365 (10th Cir. 1993) (court may refuse leave to amend on the basis of futility).

**IT IS SO ORDERED.**

Dated this 6th day of September, 2012 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge